

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **CORRY DAVIS MARKETING, INC.** | § | Case No. 21-60280 |
| xx-xxx8498 | § | |
| 542 East Highway 64, Canton, TX 75103 | § | |
| | § | |
| Debtor | § | Chapter 11 - **Subch. V** |

### NOTICE OF STATUS CONFERENCE BY VIRTUAL HEARING
### PURSUANT TO 11 U.S.C. § 1188(a)

Upon the election of the above-referenced Debtor, Corry Davis Marketing, Inc. ("Debtor"), to proceed in this case under Subchapter V of Chapter 11 of the Bankruptcy Code,

**IT IS THEREFORE ORDERED** that a status conference shall be conducted via virtual hearing on:

**Tuesday, August 24, 2021 at 9:30 a.m.**[1]

*** Virtual Hearing Link:  https://bit.ly/3wGpfdV ***

**IT IS FURTHER ORDERED** that the Debtor's representatives, the Debtor's primary bankruptcy counsel, and the Subchapter V Trustee must appear at this status conference.

---

[1] The directives regarding the conduct of virtual hearings are located on Judge Searcy's webpage, www.txeb.uscourts.gov/content/judgesearcy under the *Virtual Hearings* tab.  As set forth therein, the presentation of exhibits under LBR 9014(d) is altered to require each party seeking to introduce exhibits to attach (separately) each of those designated exhibits to the exhibit list that is filed with the Court. Attorneys are further reminded that they are responsible for the virtual appearance of any witness sponsored by that attorney at the hearing and that any such witness must: (1) join the hearing as a separate participant from the sponsoring attorney; (2)  use a different camera and microphone (i.e. in a different location) than the sponsoring attorney; and (3)  be capable of accessing any exhibit needed for the examination.

**IT IS FURTHER ORDERED** that, **on or before Tuesday, August 10, 2021,** the Debtor shall file the *Consensual Reorganization Report* required by § 1188(c)[2] of the Bankruptcy Code in which the Debtor shall address all issues relevant to its effort to achieve a consensual plan of reorganization including, but not limited to:

a. the structure of its secured debt and its tax obligations;
b. the condition of its post-petition business operations and revenue stream;
c. anticipated administrative expenses, including any need to retain additional professional persons;
d. its compliance with the administrative regulations imposed by the United States Trustee, including the nature and adequacy of insurance coverage;
e. the existence of other unique issues that affect its ability to reorganize;
f. an outline of plan concepts and/or considerations, including the anticipated filing date of a proposed plan of reorganization.

**IT IS FURTHER ORDERED** that the Debtor shall serve its *Consensual Reorganization Report* on the date of filing upon the matrix of creditors as then constituted by the Court.

**IT IS FURTHER ORDERED** that any failure by the Debtor to comply with the terms of this Order may constitute cause for the dismissal and/or conversion of this case.

Signed on 07/15/2021

_____ AT
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

[2] This statement should be filed as a "Subchapter V Consensual Reorganization Report" — a docket event available as a "miscellaneous" event under the "Bankruptcy" tab of the CM-ECF system.